# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICKY PATTERSON (B-79037), ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 5731 |
| ) | |
| v. ) | Judge James B. Zagel |
| ) | |
| MICHAEL KISTOUSKY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ricky Patterson, currently a detainee at Stateville Correctional Center, filed suit, *pro se*, against Defendants – Terry McCann, Jimmy Dominguez, Dee Battaglia, Clarence Wright, Sergeant Palmer, John Luchsinger, and Mike Borkowski (incorrectly identified as Mike Kistousky in Plaintiff's complaint) – alleging that he was subjected to cruel and unusual punishment when the Defendants allowed him to be shocked in the shower over a two month period. Plaintiff also alleges that this was done in retaliation for the filing of a grievance. Presently before the Court are Defendants' motion for summary judgment and Plaintiff's motion for partial summary judgment. For the reasons stated in this order: Defendants' motion for summary judgment is granted in part and denied in part and Plaintiff's motion for partial summary judgment is denied.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and

draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## FACTS

Plaintiff is a detainee at the Stateville Correctional Center. (Defs.' 56.1(a)(3) Statement ¶ 1.) Terry McCann was warden and Jimmy Dominguez was the assistant warden at Stateville during some of the time Plaintiff alleges he was subjected to cruel and unusual punishment. (*Id.*, ¶¶ 2-3.) Dee Battaglia was the warden at Stateville during other times referenced in Plaintiff's complaint. (*Id.*, ¶ 4.) Clarence Wright was a lieutenant and Sergeant Palmer was a sergeant at Stateville during the times referenced in Plaintiff's complaint. (*Id.*, ¶¶ 5-6.) John Luchsinger was the chief engineer and Mike Borkowski was a correctional medical technician at Stateville during the times referenced in Plaintiff's complaint. (*Id.*, ¶¶ 7-8.)

2

Plaintiff alleges that he was "shocked" on several occasions between November 7, 2005, and January 9, 2006, while using the shower in E-House at Stateville. (Defs.' 56.1(a)(3) Statement ¶5.) On November 7, 2005, Plaintiff submitted a grievance complaining about getting shocked in the shower. (*Id.*, ¶ 10.) In response to the grievance, assigned #2402, the counselor indicated, "Per Lt. Wright several work orders have been submitted on the shower shocking people." (Id., ¶ 11; Exhibit D.) On July 17, 2006, the grievance officer found the grievance moot, noting that "work orders were submitted & answered." (Exhibit E.) On July 27, 2006, Dee Batagallia concurred with the finding. (Exhibit E.)

When Sergeant Palmer was made aware of an issue with the E-House showers, he submitted work orders to have the issue addressed. (Defs.' 56.1(a)(3) Statement ¶ 12.) Lieutenant Wright also submitted several work orders in regards to the E-House shower issue. (Id., ¶ 14.) Further, because the E-House shower was considered a safety hazard, the Chief Engineer was notified immediately. (Id., ¶ 15.) In addition, all E-House inmates and staff were informed over the public announcement system about the issue in the shower and to stay away from the exhaust fan. (Id., ¶ 16.)

On January 12, 2006, Plaintiff submitted a second grievance, assigned #0231, complaining about getting shocked in the shower. (Defs.' 56.1(a)(3) Statement ¶ 17; Exhibit F.) In this grievance, Plaintiff stated that when he reached for his towel in the shower on January 9, 2006, he was shocked. As a result, his knees buckled and he fell to the floor. While trying to stop his fall, he felt a terrible pain in his back The next day, he still had back pain and numbness in his wrist and arm. As of January 12, 2006, he had "tingling" in his right hand and legs. (*Id.*) Plaintiff also included in his grievance that he sought medical attention from Michael Borkowski who refused to allow him to receive medical attention after telling him that he did not like him and that he did not need to been seen by medical personnel. (Exhibit F.) In his response to the second grievance, the

counselor noted, "Per Warden Dominguez unit E shower exhaust-fan issues are presently being addressed by maintenance according to John Luchsinger Chief Engineer." (*Id.*) On September 12, 2006, the grievance officer noted that Plaintiff's medical file was reviewed and that he was evaluated and prescribed proper medication on January 27, 2006. (Exhibits G, H.) On September 13, 2006, Terry McCann concurred with the finding. (Exhibit G.)

Following the second grievance, it took approximately a week for maintenance to address the exhaust-fan issue. (Defs.' 56.1(a)(3) Statement ¶ 18.) There were no bare electrical wires sticking out into the shower area. (*Id.*, ¶ 19.) Plaintiff had the option of not showering and did not shower after his fall until after he was transferred to the Pontiac Correctional Center in July of 2006. (Exhibit C, pg. 31.)

## ANALYSIS

### A. Cruel and Unusual Punishment Claim

The Eighth Amendment requires a minimum standard for the treatment of inmates by prison officials, including prison conditions cannot involve "the wanton and unnecessary infliction of pain." *Rhodes v., Chapman*, 452 U.S. 337, 347 (1981). A two-prong analysis is utilized in determining whether the conditions of confinement reach unconstitutional proportions. *See Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991). The analysis consists of both an objective and subjective component. *Wilson*, 501 U.S. at 299-302. If either the objective or subjective component is not satisfied, a plaintiff cannot prevail on his conditions of confinement claim. *See Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).

#### 1. Objective Element

To satisfy the objective component, a detainee must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834

4

(1994)(citation omitted). The objective component requires the court to determine whether the alleged deprivation – the condition itself – was sufficiently serious to rise to the level of a constitutional violation. *Wilson*, 501 U.S. at 299-302. The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also, Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). However, a condition that might not ordinarily be considered a violation of the Eighth Amendment may nonetheless do so if that conditions persists over an extended period of time. *See Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

Here, Plaintiff alleges that he received electrical shocks while in the shower over approximately a two month period. The last of the shocks resulted in Plaintiff falling to the floor. While a temporary electrical wiring issue that caused an inmate to be shocked twice over a nine-day period was found not to constitute a condition rising to an Eighth Amendment violation, *see Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995), here, Plaintiff alleges multiple electrical shocks over a two month period. The actual number of times Plaintiff was shocked and the extent of those shocks is not known based on the facts before the Court. Thus, a genuine issue of material fact exists as to whether the condition in the shower violated the Eighth Amendment.

## 2. Subjective Element

The subjective component requires the court to determine whether the defendant acted with the requisite culpable state of mind. *See Wilson*, 501 U.S. at 302. The subjective component is satisfied if a prison official acts with deliberate indifference, *i.e.*, the official knows of and disregards an excessive risk of inmate health or safety. *See Farmer*, 511 U.S. at 837. Negligence and even gross negligence is insufficient to demonstrate deliberate indifference; instead, the defendant must

5

have intended for the plaintiff to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but was indifferent to that risk. *See Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999); *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991).

Plaintiff has failed to produce evidence of deliberate indifference regarding being shocked over an extended period of time by Defendants McCann, Dominguez, Battaglia, and Borkowski. Plaintiff relies on his grievances to demonstrate that these Defendants were aware of the excessive risk of he being shocked and there disregard of this knowledge. However, Defendant Battaglia did not sign-off on Plaintiff's first grievance until July of 2006 and Defendant McCann did not sign-off on Plaintiff's second grievance until September of 2006, both, months after the electrical problem was fixed. Similarly, Plaintiff relies on his second grievance in January of 2006 to demonstrate Defendant Dominguez's knowledge of the excessive risk based on the statement in the grievance that Dominguez indicated that the shower exhaust fan issues were being addressed. However, this statement does not evidence deliberate indifference over an extended period of time by Dominguez. Instead, it demonstrates that as of the second grievance, Dominguez was informed that the issue was being addressed. The undisputed facts demonstrate that the issue was corrected a week later.

As to Defendant Borkowski, Plaintiff has not presented any evidence that Borkowski knew of the electrical issues in the shower over an extended period of time and that he failed to address the issue. Plaintiff has demonstrated that Defendant Borkowski knew that Plaintiff sought medical treatment after being shocked on January 9, 2006. However, this does not demonstrate Defendant Borkowski knew of a serious risk of harm to Plaintiff based on the conditions of the shower and that he ignored that risk required for this claim – the harm already occurred. Plaintiff has failed to demonstrate that Borkowski knew of any issue with the showers in E-house. The Court further notes that, based on Plaintiff's complaint and the motions for summary judgment (Plaintiff does not refute

Defendants' summary of his claims consisting of cruel and unusual punishment based on allowing him to be shocked in the shower and retaliation for filing grievances), Plaintiff has not brought a deliberate indifference to medical needs claim against Borkowski. Thus, Plaintiff has failed to demonstrate the second prong as to Defendants McCann, Dominguez, Battaglia, and Borkowski.

However, genuine issues of material fact exist as to whether Defendants Wright, Palmer, and Luchsinger were aware of a serious risk to Plaintiff being shocked in the shower over an extended period of time and whether they disregarded that knowledge by failing to take proper corrective measures. The undisputed facts demonstrate that Palmer and Wright were aware of the shower issue in November 2005 and that the issue continued for a two month period. Likewise, based on the undisputed facts, Defendant Luchsinger was immediately notified of the shower issue because it was considered a safety hazard and that hazard continued to exist for a two month period. Accordingly, genuine issues of material fact exist as to whether Defendants Wright, Palmer, and Luchsinger were deliberately indifferent to Plaintiff's safety.

Defendants argue that Plaintiff cannot proceed on his deliberate indifference claim because he failed to demonstrate that he suffered any physical injury from the electrical shocks. However, the Defendants do not dispute that Plaintiff injured his shoulder after falling due to the electrical shock and the response to Plaintiff's second grievance indicates that he subsequently received medical treatment and medication for that injury. Thus, a triable issue exists as to whether Plaintiff received a physical injury from being shocked and the extent of any such injury.

Due to the presence of genuine issues of material fact as to Plaintiff's Eighth Amendment claim as to Defendants Wright, Palmer, and Luchsinger, summary judgment is denied as to these Defendants and Plaintiff's motion for partial summary judgment is denied as to this claim.

## B. Retaliation Claim

Plaintiff contends that the Defendants retaliated against him for filing the first grievance regarding being shocked in the shower by failing to refer him to a doctor following his fall in January 2006 and by forcing him to shower knowing that he might be shocked.

To prevail on a claim of retaliation under the First Amendment, a plaintiff must establish that: (1) he engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *Purkey v. Marberry*, ___ F.3d ___, 2010 WL 2775859, *3 (7th Cir. Jul. 13, 2010), *citing Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Plaintiff has failed to submit sufficient evidence on the third prong for the matter to go to a jury.

Plaintiff can satisfy the first and second prong. It is well settled that inmates have a First Amendment right to use the prison grievance system. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). 30 U.S. 817, 822 (1977); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). It is equally well established that an act taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g., Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Bridges*, 557 F.3d at 541. Plaintiff's filing of a grievance constituted activity protected by the First Amendment. Furthermore, Plaintiff established that he was denied medical attention by Borkowski and that he received electrical shocks after the initial grievance because the issue was not resolved until 2006. Nevertheless, Plaintiff has not established that there was a causal connection between the filing of the initial grievance and the denial of medical care two months later and the delay in correcting the issue.

Plaintiff relies on Borkowski's statement that he did not like Plaintiff as evidence that Borkowski knew Plaintiff and denied him medical treatment for the filing the initial grievance. However, Plaintiff presents no evidence that Borkowski was aware of the first grievance that was filed two months before the alleged denial of medical care nor that he was aware of the issue in the shower area. "[M]ere speculation is not sufficient to stave off summary judgment." *Soto v. Bertrand*, 328 Fed. Appx. 331, 333 (7th Cir. 2009), *citing Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 544 F.3d 752, 757 (7th Cir. 2008).

Furthermore, Plaintiff presents no evidence tending to show that the Defendants who were aware of the initial grievance had a retaliatory motive when they allowed Plaintiff (and other inmates) to shower in the E-house facilities. In addition, Plaintiff admits that he had the option not to shower, and often did not.

In order to defeat a motion for summary judgment, the nonmovant "must do more than baldly deny the reasonable inferences and facts presented" by the party seeking summary judgment. *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594 (7th Cir. 2007), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (explaining that an opponent of summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard*, 503 F.3d at 588, *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Any circumstantial evidence against Defendants is far too tenuous for a trier of fact to find that the Defendants who were aware of the initial grievance forced him to shower so that he would be shocked because he filed the initial grievance. In sum, Plaintiff has failed to adduce sufficient evidence of retaliation to go to a jury.

Accordingly, summary judgment is granted in Defendants' favor as to Plaintiff's retaliation claim and Plaintiff's motion for partial summary judgment is denied as to this claim.

## CONCLUSION

For all of the foregoing reasons, Defendant' motion for summary judgment [171] is granted in part and denied in part. Summary judgment is entered in Defendants' favor as to Plaintiff's retaliation claim. Summary judgment is granted in Defendant McCann's, Dominguez's, Battaglia's, and Borkowski's favor as to Plaintiff's Eighth Amendment claim. At the close of the case, the Clerk is directed to enter summary judgment in favor of Defendants McCann, Dominguez, Battaglia, and Borkowski pursuant to Fed. R. Civ. P. 56. McCann, Dominguez, Battaglia, and Borkowski are terminated as Defendants. Plaintiff's motion for partial summary judgment [155] is denied. The Clerk is also directed to terminate Defendant Mike Kistousky (incorrectly identified for Borkowski in Plaintiff's complaint).

Dated: **DEC 3 0 2010**

James B. Zagel
United States District Court Judge